NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| EARL TURAN ARNOLD and CARL SMITH, | : :<br>: **OPINION**<br>:<br>: Civ. No. 03-3997 (WHW) |
| Plaintiffs, | : |
| v. | : |
| STATE OF NEW JERSEY, DEPARTMENT OF LAW AND PUBLIC SAFETY, DIVISION OF STATE POLICE, OFFICE OF THE NEW JERSEY ATTORNEY GENERAL, PETER G. VERNIERO, JOHN J. FARMER, JR., CARSON J. DUNBAR, JR., CARL WILLIAMS, TROOPERS NELSON and CASTELLANI, and THE COUNTY OF BERGEN, BERGEN COUNTY PROSECUTOR'S OFFICE | : : : : : : : : : |
| Defendants. |  |

**Walls, Senior District Judge**

Plaintiffs Earl Turan Arnold and Carl Smith filed this action against the named defendants alleging violations of their civil rights under federal and state law as well as the common law torts of false imprisonment, slander, and malicious prosecution. Plaintiffs' claims derive from the allegation that they were victims of unlawful racial profiling on January 20, 1997. Plaintiffs allege Defendants State of New Jersey, Department of Law and Public Safety, Division of State Police, State of New Jersey Department of Law and Public Safety, Office of the Attorney General, State of New Jersey, Department of Law and Public Safety, John J. Farmer,

**NOT FOR PUBLICATION**

Peter G. Verniero, Carson, J. Dunbar, and Colonel Carl A. Williams, Jr. (collectively "State Defendants") move, pursuant to Fed. R. Civ. P. 12(c), to dismiss all counts against them for failure to state a claim upon which relief can be granted.[1] Their motion is unopposed. Pursuant to Fed. R. Civ. P. 78, State Defendants' motion is decided without oral argument. The motion is granted.

**FACTS AND PROCEDURAL BACKGROUND**

Plaintiffs Earl Turan Arnold and Carl Smith allege that on January 20, 1997, they were the subject of unlawful racial profiling by Troopers Nelson and Castellani on the New Jersey Turnpike. Smith was driving and Arnold was a passenger. Plaintiffs allege that Nelson and Castellani stopped their vehicle because they were African American and because the vehicle had a Georgia State license plate. The troopers obtained consent from Smith to search the vehicle and found five ounces of cocaine.

On April 10, 1997, Arnold and Smith were both indicted by a Bergen County grand jury for possession of cocaine in an amount exceeding five ounces. Plaintiffs filed various pre-trial motions during the criminal proceedings, arguing that the traffic stop was a product of selective enforcement. On January 21, 2001, the indictment against them was dismissed.

Plaintiffs assert that Defendants violated their federal civil rights and their rights under state law. Plaintiffs allege the following claims against all defendants: (1) an equal protection claim grounded in the allegation that the defendant troopers subjected plaintiffs to unlawful racial

---

[1] The State Defendants do not include Trooper Nelson, Trooper Castellani, or the County of Bergen, Bergen County Prosecutor's Office.

**NOT FOR PUBLICATION**

profiling; (2) a malicious prosecution claim; (3) a defamation claim; (4) a claim pursuant to 42 U.S.C. § 1982; and (5) federal and state constitutional claims.[2]

On January 21, 2003, Plaintiffs filed a complaint in the Superior Court of New Jersey, Bergen County, alleging violations of their civil rights under federal and state law as well as the common law torts of false imprisonment, slander, and malicious prosecution. On August 22, 2003, Defendants removed the case to the Federal District of New Jersey. Plaintiffs moved for default judgment against Defendants, and default was entered on November 14, 2004. On February 4, 2004, Defendants filed a motion to vacate the entry of default and for an extension of time to answer or otherwise reply. The motion to vacate was granted on August 31, 2004 and Defendants filed an Answer on September 29, 2004.

On August 22, 2005, the Court administratively terminated the action without prejudice, pending a decision by the Third Circuit Court of Appeals in Gibson v. Superintendent of State Police et al., 411 F.3d 427 (3d Cir. 2005). On January 24, 2006, Defendants requested that the matter be stayed pending the resolution of the petition for certiorari in Gibson, supra, by the United States Supreme Court. On March 20, 2006, the United States Supreme Court denied certiorari in Gibson. On March 27, 2006, Defendants notified the court of the denial by letter and requested that the stay be vacated. On April 4, 2006, the Court vacated the stay.

The State Defendants now move, pursuant to Fed. R. Civ. P. 12(c), to dismiss Plaintiffs'

---

[2] Plaintiffs' Complaint does not specifically allege a claim pursuant to 42 U.S.C. § 1983. However, Plaintiffs assert federal constitutional claims, and 42 U.S.C. § 1983 is the appropriate vehicle for bringing such claims. Accordingly, the Court will treat these claims as though they were brought pursuant to 42 U.S.C. § 1983.

**NOT FOR PUBLICATION**

Complaint against them with prejudice.

**LEGAL STANDARDS**

Fed. R. Civ. P. 12(c)

Fed. R .Civ. P. 12(c) provides, in pertinent part, that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." The pleadings are "closed" after the complaint and answer are filed, along with any reply to additional claims asserted in the answer. See Owens v. Horn, No. 02-cv-0356, 2006 WL 1620220, at * 1 (M.D. Pa. June 7, 2006); Williams v. Walnut Park Plaza, 68 F. Supp. 957, 958 (E.D. Pa. 1946); Fed. R. Civ. P. 7(a).

"Under Rule 12(c), judgment will not be granted unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." Bayer Chemicals Corp. v. Albermarle Corp., 171 Fed. Appx. 392, 397 (3d Cir. Mar. 21, 2006) (quoting Jablonski v. Pan Am. World Airways, Inc., 863 F.2d 289, 290 (3d Cir. 1988) (citations and quotations omitted)).

"The standard applied to a Fed. R. Civ. P. 12(c) motion for judgment on the pleadings is similar to that applied to a Fed. R. Civ. P. 12(b)(6) motion to dismiss. Haynes v. Metropolitan Life Ins. Co., 94 Fed. Appx. 956, 958 (3d Cir. Apr. 20, 2004) (citing Turbe v. Gov't of the Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991)). "In reviewing the grant of a Rule 12(c) motion, [the court] must view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." Bayer, 171 Fed. Appx. at 397 (quoting Jablonski, 863 F.2d at 290-91 (citations and quotations omitted)). The court, however, "need not

**NOT FOR PUBLICATION**

accept as true legal conclusions or unwarranted factual inferences." Bayer, 171 Fed. Appx. at 397 (quoting Mixon v. Ohio, 193 F.3d 389, 400 (6th Cir. 1999)).

Moreover, as with a Rule 12(b)(6) motion, in deciding a Rule 12(c) motion, the court generally does not consider matters outside the pleadings. Mele v. Federal Reserve Bank of New York, 359 F.3d 251, 257 (3d Cir. 2004). The court, however, may consider matters of public record, orders, and exhibits attached to the complaint. See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994); see also Lo Sacco v. City of Middletown, 745 F. Supp. 812, 814 (D. Conn. 1990); 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (3d ed. 2004).

**DISCUSSION**

  1. <u>Claims Against Division of State Police, Office of the Attorney General, and Department of Law and Public Safety</u>

The State Defendants move to have all claims against the Division of State Police, the Office of the Attorney General, and the Department of Law and Public Safety dismissed on the grounds that they are barred by the Eleventh Amendment. The Eleventh Amendment provides: "The judicial power of the United States shall not be construed to extend to any suit in law or equity commenced or prosecuted against one of the United States by citizens of a foreign state." U.S. Const., amend. XI. Although the Amendment by its terms does not bar suits against a state by its own citizens, the Supreme Court has consistently held that an unconsenting state is immune from suits brought in federal courts by her own citizens as well as by citizens of another state. Edelman v. Jordan, 415 U.S. 651, 662-63 (1974). The amendment precludes federal

**NOT FOR PUBLICATION**

jurisdiction over a state absent the state's consent to suit. Pennhurst State Sch. and Hosp. v. Halderman, 465 U.S. 89, 99 (1984). This prohibition against naming a state as a defendant extends to state agencies or departments of the state. Id. at 101-02. As the Court explained in Edelman, "the rule has evolved that a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment" because the state is the real party in interest. 415 U.S. at 663.

Here, the Division of the State Police, the Office of the Attorney General, and the Department of Public Safety are all agencies of the state. A suit against these entities is in effect a suit against the State. None of these agencies have consented to suit in federal district court. Accordingly, the Division of State Police, the Office of the Attorney General, and the Department of Public Safety are entitled to Eleventh Amendment immunity. The motion to dismiss all claims against these defendants is granted with prejudice.

    2. Claims Against State Officers in their Official Capacity

State Defendants move to have all claims for monetary damages against former Attorney General John J. Farmer, former Attorney General Peter J. Verniero, former Superintendent of the Division of State Police Colonel Carson J. Dunbar, and former Superintendent of the Division of State Police Colonel Carl Williams, in their official capacities, dismissed on the grounds that these claims are barred by the Eleventh Amendment.

As discussed, the Eleventh Amendment provides immunity to states from suits brought by citizens in federal court. The Supreme Court has recognized that a suit against a state official in his or her official capacity is not a suit against the official but rather a suit against the

**NOT FOR PUBLICATION**

individual's office.  Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989); see also Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 690 n.55 (1978).  Therefore, suits against state officials in their official capacities are treated as suits against the state since the real party in interest is the state, not the named official.  Hafer v. Melo, 502 U.S. 21, 25 (1991); Kentucky v. Graham, 473 U.S. 159, 166 (1985).  Accordingly, the Eleventh Amendment bars damages actions against a state official in his official capacity.[3]  Id.; see also Doe v. Division of Youth and Family Servs., 148 F.Supp.2d 462, 492 (D.N.J. 2001) (dismissing plaintiff's state law claims for damages against DYFS and a DYFS employee in her official capacity as barred by the Eleventh Amendment); Miller v. Rutgers, 619 F. Supp. 1386 (D.N.J. 1985) (dismissing complaint seeking monetary damages against a state university and as well as individual university officers in their official capacities as barred by the Eleventh Amendment).

Plaintiffs' Complaint does not clearly indicate whether former Attorney General Farmer, former Attorney General Verniero, former Superintendent of the Division of State Police Dunbar, and Former Superintendent of the Division of State Police Williams are being sued in their official or individual capacities.  However, all of these defendants were formerly the head of state departments.  To the extent that they are being sued in their official capacities, the action for damages is barred by the Eleventh Amendment.  Accordingly, all claims for damages asserted against Farmer, Verniero, Dunbar, and Williams, in their official capacities, are dismissed, with prejudice.

---

[3]Only prospective relief is available against such defendants, absent waiver by the state of its sovereign immunity.  See Edelman, 415 U.S. at 664-68.

**NOT FOR PUBLICATION**

      3. <u>Constitutional Claims Against State Officers in their Individual Capacities</u>

State Defendants maintain that all federal constitutional claims against former Attorney General Farmer, former Attorney General Verniero, former Superintendent of the Division of State Police Dunbar, and former Superintendent of the Division of State Police Williams must be dismissed because Plaintiffs' claims are based solely on a theory of respondeat superior.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a deprivation of a right secured by the Constitution and laws of the United States resulting from the conduct of a person acting under the color of state law. The plaintiff must allege that the defendant had personal involvement in the alleged wrongs, and liability cannot be predicated solely on the operation of respondeat superior. <u>Parrat v. Taylor</u>, 451 U.S. 527, 537 n.3 (1981). A supervisory official acting under color of state law "may only be sued in his individual capacity under §§1981 and 1983 where the individual defendant is 'personally involved in the alleged wrongs.'" <u>Longoria</u>, 168 F.Supp.2d at 317 (quoting <u>Santiago v. City of Vineland</u>, 107 F.Supp.2d 512, 540 (D.N.J. 2000)). Personal involvement can be shown through "allegations of personal direction or of actual knowledge and acquiescence." <u>Rode v. Dellarciprete</u>, 845 F.2d 1195, 1207 (3d Cir. 1998).

Here, the Complaint alleges that Defendants "allowed such racial profiling practices by the Defendants, State of New Jersey Department of Law and Public Safety, Division of State Police, and Trooper Defendants." There are no other specific factual allegations linking the State Defendants to the alleged constitutional violation.

As an initial mater, the Court notes that Farmer and Dunbar are named in the Complaint because of their positions as former Attorney General and former Superintendent of Police,

**NOT FOR PUBLICATION**

respectively. However, as State Defendants point out, neither Farmer nor Dunbar held these offices at the time of the events giving rise to the Complaint. Plaintiffs allege that their rights were violated on January 20, 1997, but Farmer was not sworn in as the Superintendent of the Division of State Police until June 3, 1999, and Dunbar was not sworn in as Superintendent of the Division of State Police until November 1, 1999.[4] Accordingly, Plaintiffs' constitutional claims against Farmer and Dunbar in their individual capacities are dismissed, with prejudice, for failure to state a claim upon which relief can be granted.

With respect to former Attorney General Verniero and former Superintendent of the Department of State Police Williams, the issue is whether alleging that they "allowed" a constitutional violation is sufficient to state a claim against them in their individual capacities. The Third Circuit has made clear that there is no heightened pleading requirement for civil rights actions, and complaints should be considered under the more liberal standards of notice pleading. Alston v. Parker, 363 F.3d 229, 233 (3d Cir. 2004) (citing Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163 (1993) to conclude that "a heightened pleading requirement for civil rights complaints no longer retains vitality under the Federal Rules"); see also Thomas v. Independence Township, 463 F.3d 285, 295 (3d Cir. 2006) (same).[5]

---

[4]The Court takes judicial notice, pursuant to Fed. R. Evid. 201, of the dates on which these public officials were sworn into office. See Lefkovits v. State Bd. of Elections, 400 F. Supp. 1005 (N.D. Ill. 1975) (taking judicial notice of appointment of a judge), aff'd 424 U.S. 901 (1976); Corbin v. Cannon, 838 F. Supp. 561 (M.D. Fla. 1993) (date county sheriff was appointed was a readily and accurately verifiable fact of which the court took judicial notice).

[5]In Rode, the Third Circuit had indicated that in order to state a claim against a defendant for a civil rights violation, "allegations of participation or actual knowledge and acquiescence [] must be made with appropriate particularity." 845 F.2d at 1195. Although Rode's particularity

**NOT FOR PUBLICATION**

In Alston, the Third Circuit stated that "a plaintiff need not plead facts" but "only make out a showing upon which relief can be granted." 363 F.3d at 233 n.6. In In re Tower Air, Inc., the Circuit qualified this statement by requiring that a plaintiff allege those "supporting facts" which are "necessary to provide the defendant fair notice of the plaintiff's claims and the grounds upon which it rests." 416 F.3d 229 (3d Cir. 2005) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957). The court explained:

> A plaintiff should plead basic facts, such as they are, for those are the grounds upon which the plaintiff's claim rests. Even at the pleading stage, a defendant deserves fair notice of the general factual background for the plaintiff's claim.

Id. (internal quotation omitted). However, the Circuit reiterated that a "plaintiff will not be thrown out of court on a Rule 12(b)(6) motion for lack of detailed facts." 416 F.3d 229 (3d Cir. 2005) (emphasis added) (citing Alston, 363 F.3d at 234).

Here, Plaintiffs merely allege that Verniero and Williams "allowed" racial profiling. While the Court does not require detailed factual allegations, Plaintiffs' Complaint fails to provide any supporting facts. There is not a single fact alleged linking the action or inaction of Verniero and Williams to the alleged constitutional violation. To say that they "allowed" a constitutional violation is nothing more than an usupported conclusion. Such a bare allegation is simply insufficient to put Defendants on notice of the "general factual background" for Plaintiffs'

---

requirement has never been explicitly overruled and some district courts continue to cite it, see, e.g. Foxworth v. Pennsylvania State Police, No. 03-cv-6795, 2005 WL 840374, at *4 (E.D. Pa. 2005), this Court finds the particularity requirement difficult to reconcile with the more recent holdings of Alston and Thomas. Accordingly, this Court applies the notice pleading standard of Fed. R. Civ. P. 8 to allegations of personal involvement in civil rights actions. See Covey v. City of Philadelphia, No. 06-cv-3649, 200l WL 789577, at *5 (E.D. Pa. 2007) (same).

**NOT FOR PUBLICATION**

claims. Accordingly, the Court dismisses Plaintiffs' constitutional claims against Verniero and Williams in their individual capacities, without prejudice and with leave to amend.

    4. <u>Claims Under 42 U.S.C. § 1982</u>

Defendants move for dismissal of Plaintiffs' §1982 claims on the grounds that the statute is inapplicable to the instant matter. Section 1982 provides: "[a]ll citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey, real and personal property." 42 U.S.C. §1982. The statute "prohibits racial discrimination in transactions relating to real and personal property." <u>Brown v. Philip Morris, Inc.</u>, 250 F.3d 789, 797 (3d Cir. 2001) (citing <u>Saunders v. Gen. Servs. Corp.</u>, 659 F. Supp. 1042, 1063 (E.D. Va. 1987)).

Here, there is no allegation regarding any transaction of real or personal property involving Plaintiffs and Defendants. Accordingly, Plaintiffs' claim under §1982 are dismissed.

    5. <u>State Law Claims</u>

In addition to their federal constitutional claims, Plaintiffs have asserted causes of actions against the State Defendants for violations of the New Jersey State Constitution as well as common law claims of false imprisonment and malicious prosecution.[6] Defendants ask the Court to dismiss Plaintiffs' state claims on the grounds that they are barred by the statute of limitations and because Plaintiffs failed to comply with the mandatory notice requirements of the New Jersey Tort Claims Act.

---

[6]Plaintiffs allege the tort of slander against Trooper Nelson, Trooper Castellani, and Office of the Prosecutor, County of Bergen. However, since none of these defendants are parties in the present motion, the court need not and will not consider Plaintiffs' slander claim.

-11-

**NOT FOR PUBLICATION**

First, Plaintiffs' state constitutional claims are subject to a two-year statute of limitations. See Freeman v. State, 347 N.J. Super. 11, 20-22 & n.3 (App. Div. 2002) (applying the two year limitations period for personal injury actions to claims brought for violations of rights under the New Jersey Constitution). Similarly, since Defendants are all public entities and public employees within the meaning of the New Jersey Tort Claims Act, Plaintiffs' tort claims are subject to the act's two year statute of limitations. N.J.S.A. 59:8-8(b); see Michaels v. State of New Jersey, 955 F. Supp. 315, 326 (D.N.J. 1996). The Tort Claims Act further requires that a claim for damages to the person be presented "not later than the ninetieth day after accrual of cause of action." N.J.S.A. 59:8-8.

Accrual of a claim occurs when the tort is committed or the date on which the accident occurs. N.J.S.A. 59:8-1; Torres v. Jersey City Med. Ctr., 140 N.J. Super. 323, 326 (Law. Div. 1976). In New Jersey, the statute of limitations period generally accrues from the date of the alleged wrongful act, neglect, or default. See, e.g., Martinez v. Cooper Hosp. Univ. Med. Ctr., 163 N.J. 45, 51 (2000); see also Brown v. Foley, 810 F.2d 55, 56 (3d Cir. 1987). Plaintiffs' claims accrued when Plaintiffs had reason to know that the elements of the claims existed. With the exception of their claim for malicious prosecution, this occurred at the time of Plaintiffs' traffic stop and arrest on January 20, 1997. See Rose v. Barttle, 871 F.2d 331, 350-51 (3d Cir. 1989) (stating that false arrest or false imprisonment accrues on the date of the arrest); see also Flemming v. United Parcel Serv., Inc., 255 N.J. Super. 108, 156 (Law Div. 1992). Plaintiffs' malicious prosecution claim, on the other hand, includes the element of termination in favor of the accused and therefore did not accrue until February 21, 2001 when the indictment against

**NOT FOR PUBLICATION**

Plaintiffs was dismissed with prejudice.

On May 22, 2001, within ninety days of the dismissal but four years after the arrest, Plaintiffs served State Defendants notices of claim. They filed the instant complaint on January 21, 2003. The only claim that was filed in a timely manner and in accordance with the provisions of the New Jersey Tort Claims Act was Plaintiffs' claim for malicious prosecution. The other claims are barred by the statute of limitations and are therefore dismissed with prejudice.

      6.  <u>Malicious Prosecution Claim</u>

Having concluded that Plaintiffs' malicious prosecution claim was timely, the Court examines whether Plaintiffs have stated the requisite elements. In order to state a claim for malicious prosecution, a plaintiff must establish, among other things, (1) a lack of probable cause for proceeding with the criminal action and (2) that prior criminal proceedings ended in plaintiff's favor. See <u>Est. of Smith v. Marasco</u>, 318 F.3d 497, 521 (3d Cir. 2003); <u>Lind v. Schmid</u> 67 N.J.255, 262 (1975). Here, Plaintiffs have not suggested that Defendants lacked probable cause for proceeding with the prosecution for drug possession. Although Plaintiffs challenge the basis for the traffic stop, they do not dispute that they were in possession of more than five ounces of cocaine. Therefore, they cannot claim that there was no probable cause to proceed with the prosecution. See <u>Dorsett v. New Jersey State Police</u>, No. 04-cv-5652, 2007 WL 556890 (D.N.J. Feb. 15, 2007).

Furthermore, part of the "favorable termination" element of malicious prosecution is that the "plaintiff claiming malicious prosecution must be innocent of the crime charged in the underlying prosecution." <u>Hector v. Watt</u>, 235 F.3d 154, 156 (3d Cir. 2000). Plaintiffs do not

**NOT FOR PUBLICATION**

contend they were innocent of the counts charged; instead they complain that the traffic laws were selectively enforced against them as a result of racial profiling. Courts in this district have regularly held that a claim for malicious prosecution cannot be sustained where a plaintiff's drug conviction is overturned for presenting colorable issues of racial profiling for traffic stops. See, e.g., Dorsett, 2007 WL 556890, at *5; Ramsey v. Divino, No. 05-5492, 2007 WL 979845 (D.N.J. March 30, 2007); Wilson v. New Jersey State Police, No. 04-1523, 2006 U.S. Dist. LEXIS 60514, at *29-31 (D.N.J. Aug. 15, 2006). Accordingly, Plaintiffs' malicious prosecution claim is dismissed.

**CONCLUSION**

It is on this 9th day of May, 2007,

ORDERED that Plaintiffs' claims against Division of State Police, Office of the Attorney General, and Department of Law and Public Safety are DISMISSED with prejudice; it is further

ORDERED that Plaintiffs' claims against former Attorney General John J. Farmer, former Attorney General Peter J. Verniero, former Superintendent of the Division of State Police Colonel Carson J. Dunbar, and former Superintendent of the Division of State Police Colonel Carl Williams, in their official capacities, are DISMISSED with prejudice; it is further

ORDERED that Plaintiffs' federal constitutional claims against former Attorney General John J. Farmer, former Attorney General Peter J. Verniero, in their individual capacities, are DISMISSED with prejudice; and it is further

ORDERED that Plaintiffs' federal constitutional claims against former Superintendent of the Division of State Police Colonel Carson J. Dunbar, and former Superintendent of the

**NOT FOR PUBLICATION**

Division of State Police Colonel Carl Williams, in their individual capacities, are DISMISSED without prejudice; and it is further

ORDERED that Plaintiffs' claims under 42 U.S.C. § 1982 against all State Defendants are DISMISSED with prejudice; and it is further

ORDERED that Plaintiffs' state law claims against all State Defendants are DISMISSED with prejudice.

                                                  s/William H. Walls
                                             **William H. Walls, U.S.D.J.**